UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:20-CR-8-REW-1

UNITED STATES OF AMERICA, PLAINTIFF,

V. **RECOMMENDED DISPOSITION**

JASON ALLEN NORTH, DEFENDANT.

The defendant, Jason Allen North, appeared before the undersigned on June 21, 2021, for a final revocation hearing on a charge of violating supervised release. At the final hearing, the defendant was present and represented by counsel. He expressed his desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way:

**Violation No. 1:**

**Mandatory Condition No. 1:** You must not commit another federal, state, or local crime.

**Mandatory Condition No. 2:** You must not unlawfully possess a controlled substance.

On May 26, 2021, while participating in residential substance abuse treatment at WestCare in Ashcamp, Kentucky, Mr. North was drug tested by facility staff. The test returned positive results for methamphetamine. On May 27, 2021, Mr. North signed an admission form detailing the use of methamphetamine on May 24, 2021.

Methamphetamine is a Schedule II Controlled Substance pursuant to the Controlled Substances Act. Due to the person under supervision's prior drug conviction and with the Sixth Circuit Court of Appeals' ruling that use is the equivalent to possession, simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E Felony. **This is a Grade B violation**.

**Violation No. 2**:

> **Special Condition No. 2: You must attend and cooperate in a substance abuse treatment program and/or a mental health diagnostic treatment program at the direction and discretion of the probation office during the term of supervision.**

On May 18, 2021, Mr. North began residential substance abuse treatment at WestCare in Ashcamp, Kentucky. On May 27, 2021, Mr. North left the treatment center therefore failing to complete the treatment program. ***This is a Grade C violation.***

## RECOMMENDED SENTENCE

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated, and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

Jason North is 42 years old male originally from Cumberland, Kentucky. During his presentence interview, he reported an unstable childhood, indicating that his father was an alcoholic and his mother, a drug dealer. He attended public schools in Harlan, Kentucky up to the 8th grade, but discontinued his education to assist his mother financially by mowing lawns. He has been married once and is the father of three children, but the relationship ended because of his drug use. North reports a prior history of mental health issues which resulted in his hospitalization on two occasions. He began abusing alcohol at the age of seven, marijuana at the aged of nine, cocaine at the age of 15, and heroin at the age of 17. He traveled to Texas to seek employment before being arrested and charged with the offense of Conspiracy to Transport Undocumented Aliens.

North has a criminal history category of III, based upon a 2008 conviction for possession of marijuana in Harlan District Court; a 2014 conviction for Assault 4th degree, domestic violence minor injury in Harlan District Court; and convictions in 2015 and 2016 for Theft by unlawful taking under $500 in Harlan District Court. Also relevant to this matter is one parole violation in 2016.

On October 19, 2017, North appeared for sentencing in the Southern District of Texas, following his guilty plea to Conspiracy to Transport Undocumented Aliens within the United

States, in violation of Title 8, U.S.C. § 1324(a)(1)(A) (ii) and (v)(I). The charge resulted after North was stopped at a Border Patrol Checkpoint near Laredo, Texas, while driving a white Ford van. Within the van were two wooded boxes, each nailed shut and each containing four undocumented aliens. All were drenched with sweat and requested water. He was sentenced to 24 months of incarceration to be followed by three years of supervised release.

On February 8, 2019, North was released from custody and began his first period of supervised release.

On December 23, 2019, his supervised release was revoked, and he was sentenced to 100 days of incarceration for failing to follow the conditions of supervision.

On December 30, 2019, the Southern District of Texas Probation Office requested a transfer of supervision to the Eastern District of Kentucky. During the investigation, North tested positive for methamphetamine, but no action was taken on the violation. He enrolled in substance abuse treatment at Kentucky River Community Care.

On June 1, 2020, Transfer of Jurisdiction was accepted by the Eastern District of Kentucky, and the instant violations occurred just over two months later, on August 14, 2020. He initially denied use of controlled substances but freely admitted to violating supervised release at the final hearing.

On October 30, 2020, North appeared before Judge Robert Wier, for purposes of allocution and sentencing, after admitting to his unauthorized use and possession of morphine, in violation of his conditions of supervision. His supervision was revoked, and he was sentenced to eight months of incarceration to be followed by a term of supervision to expire on February 7, 2022. He was released to supervision on May 13, 2021, and while participating in residential substance

4

abuse treatment at WestCare, in Ashcamp, Kentucky, tested positive for Methamphetamine. As a result, he is again before the Court for alleged violations of supervision.

### III.

In considering the kind of sentences that are available in this action, the Court considers both the recommended guideline range and any controlling statutory penalties. Pursuant to U.S.S.G. §7B1.4(a), and in light of the charged Grade B Violation and Criminal History Category of III, the Guidelines recommend a range of imprisonment between 8-14 months in this case. The maximum authorized term of imprisonment upon revocation is not more than 24 months, pursuant to 18 U.S.C. § 3583(e)(3), and the maximum term of supervised release which can be re-imposed upon revocation is 24 months and 20 days, less any term of imprisonment imposed upon revocation.

Due to the nature of his present violation conduct, which occurred only days after release from incarceration and while at an inpatient drug treatment facility and his history of prior offense conduct both during and before supervision, and the facts of his underlying conviction and past conduct, the United States suggests the appropriate sentence involves revocation of supervised release and a sentence at or above the high end of the guidelines. The defendant, however, asks for a sentence at the lower end of the recommended guideline range, with no supervision upon release.

In fashioning a recommendation in the case, the Court considers the information above, North's longstanding drug use and behavior as self-reported and as reflected in his history, and his prior violation conduct for use of controlled substances. In addition, the evidence before the Court compels a finding that requiring drug treatment upon release will be futile, as North has exhibited

an unwillingness to comply with the conditions of release or treatment. Finally, the Court considers that this is the third violation of his conditions of supervision within an 18-month period. Now, to satisfy the considerations of the controlling statute and because revocation with some period of incarceration is mandatory in this case, the undersigned believes that revocation of supervision and incarceration for a period of sixteen months, with 24 months and 20 days of supervision, which after credit for time served will result in a period of supervision for 8 months and 20 days. The period of incarceration satisfies that statutory consideration of a penalty not greater than necessary to provide just punishment, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. In addition, it accounts for past violation conduct and the lesser sentences he has received in the past.

## **CONCLUSION**

The facts upon which the Court recommends finding that the Defendant violated supervised release are established by North's own admission, and therefore the violations have been proven by a preponderance of the evidence. The undersigned further recommends:

(1) That the Defendant be found guilty of the violations as set out in this opinion.

(2) That his supervision be REVOKED.

(3) That he be sentenced to a term of incarceration for 16 months, with 24 months and 20 days of supervision to follow, which after credit for time served will result in a period of supervision for 8 months and 20 days.

(4) That should North file a waiver of allocution into the record within fourteen days evidencing the knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If North desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Robert Wier for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 24, 2021.

Signed By:
*<u>Edward B. Atkins</u>* *EBA*
**United States Magistrate Judge**